IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DOUGLAS YODER,** **#A97771,** | |
| Plaintiff, | Case No. 21-cv-01385-SPM |
| v. | |
| **ALFONSO DAVID,** *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by pro se Plaintiff Charles Yoder.

**I. Motion to Substitute**

The motion to substitute is **GRANTED.** (Doc. 37). Melissa York is **SUBSTITUTED** for the Jane Doe. The Clerk is **DIRECTED** to serve Melissa York in accordance with the Court's threshold order at Doc. 31.

**II. Motion for Explanation or Correction**

The motion for explanation is **GRANTED.** (Doc. 38). There is a typographical error on the first page of the threshold order. The Court **AMENDS** by interlineation the name in the third sentence of Doc. 31 from "Warren" to "Yoder." (Doc. 31, p. 1, par. 1).

**III. Motion for Recruitment of Counsel**

The Court denied Yoder's first motion for recruitment of counsel because he had not provided any financial documentation to show that he was indigent and unable to afford counsel. (Doc. 31, p. 11-12). In the denying the motion, Yoder was instructed that he could refile his motion but in doing so he should provide the Court with an affidavit of his financial status and supporting

documentation, such as a copy of his prisoner trust fund account. In his second motion for recruitment of counsel currently before the Court, Yoder still has not provided a copy of his prisoner trust fund account or any kind of financial documentation to support his claims that he is unable to afford an attorney. For these reasons, the motion is **DENIED.**

**IV. Motion to Proceed** *in forma pauperis*

Under 28 U.S.C. §1915(a) a prisoner my commence a lawsuit with without prepayment of the full filing fee. When determining IFP status, the relevant inquiry is the state of the inmate's finances at the time of filing. *See Miller v. Hardy,* 497 F. App'x. 618, 620 (7th Cir. 2012).

Upon initiating this suit, Yoder paid the full filing fee of $402.00 and did not file a motion to proceed IFP. Clearly, Yoder had sufficient funds to pay the filing fee in this case at the time of filing. The fact that Yoder does not typically have this much amount of money does not qualify him for IFP at a later date. The motion is **DENIED.**

Yoder is advised that although he is not proceeding IFP in this case, he may still be determined indigent for the purposes of qualifying for court recruited counsel under 28 U.S.C. §1915(e)(1). However, he must demonstrate he is unable to afford counsel and submit financial documents, as instructed.

**IT IS SO ORDERED.**

**DATED:   June 17, 2022**

　　　　　　　　　　　　　　　　　　　　　　　　　　  *s/Stephen P. McGlynn*  
　　　　　　　　　　　　　　　　　　　　　　　　　　**STEPHEN P. MCGLYNN**  
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**