IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DOUGLAS YODER,** #A97771, | |
| Plaintiff, | Case No. 21-cv-01385-SPM |
| v. | |
| **DR. ALFONSO DAVID,** *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by Plaintiff Douglas Yoder and a motion for extension of time filed by Defendant Monti.

**I. Motion for Order Seeking Contempt of Court (Doc. 58) and Motion Seeking Default Judgment (Doc. 59)**

Yoder seeks an order for default judgment against Defendants. The motion is **DENIED.** (Doc. 59). Defense Counsel has entered appearances on behalf of Defendants Monti, Alfonso, and Wexford. Alfonso and Wexford have timely filed an answer to the Complaint, and Monti has filed a motion for leave to file a responsive pleading passed the deadline, as well as an answer to the Complaint. As for Defendants Edwards and York, the Court is still attempting service on Yoder's behalf and neither Defendant has successfully been served with the Complaint. Thus, the Court does not find that any of the Defendants have failed to defend this lawsuit warranting default judgment at this point. *See* FED. R. CIV. P. 55.

For the same reasons, there is no action to compel, and the Court does not find that civil contempt sanctions are warranted. *See Tranzact Technologies, Inc. v. 1Source Worldsit*e, 406 F.3d

851, 855 (7th Cir. 2005) (discussing when civil contempt sanctions are properly imposed). The motion seeking contempt of court against Defendants is also **DENIED**. (Doc. 58).

**II. Motion for Clarification, Motion for Video Conference, and Motion and Financial Statement in Support of Motion (Doc. 60, 61, 62)**

Yoder has filed motions seeking to proceed *in forma pauperis status.* Yoder states that he currently only has $0.09 to his name. Because of his financial situation, he also asks the Court to send him free copies of his complaint and addendums and a copy of the Local Rules. Yoder asks that the Court hold a video conference regarding these issues.

Here, Yoder is not proceeding *in forma pauperis* ("IFP"). He paid the full filing fee at the time he commenced this lawsuit. As Yoder has been advised, the fact that "he does not typically have this much amount of money does not qualify him for IFP at a later date." (Doc. 44, p. 2). *See Miller v. Hardy,* 497 F. App'x 618, 620 (7th Cir. 2012) (in order to determine indigency for the purposes of proceeding without paying the entire filing fee, the "relevant inquiry is the state of the inmate's finances at the time of filing"). Therefore, the requests to proceed IFP are **DENIED.** (Doc. 61, 62)

Furthermore, the IFP statute, 28 U.S.C. §1915(a), only allows for an indigent plaintiff to proceed without paying the required $402 fee *up front.* An indigent litigant must eventually pay the full filing fee and remains responsible "for other costs." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998). Even if Yoder was proceeding IFP, he would not be excused from paying the costs associated with this litigation. He still must pay for copies regardless of his financial status. *See Lindell v. McCallum,* 352 F. 3d 1107, 1111 (7th Cir. 2003) ("no constitutional entitlement to subsidy"…"like any other civil litigant, [the plaintiff] must decide which of his legal actions is important enough to fund"; *Hoffmann v. Hertz,* No. 15-cv-00289-MJR, 2015 WL 1598078, at *2 (S.D. Ill., Apr. 8, 2015) (citations omitted); *Grant v. Pollard,* No. 15-c-1005, 2014 WL 6645306,

at *1 (E.D. Wisc. Nov. 24, 2014). If Yoder would like copies documents filed on the docket, he must prepay the required fee of $0.50 per page. The Complaint, including exhibits and addendums, is 132 pages. (Doc. 1, 12, 14, 18, 21, 25, 26). A copy of the Local Rules is available for $3.00. Yoder will not be provided copies paid for by the Court.

For these reasons, the motion for clarification and the motion for leave to proceed IFP are **DENIED.** (Doc. 61, 62). The Court will not hold a hearing on this matter, and the motion for video conference is also **DENIED.** (Doc. 60).

**III. Motion for Recruitment of Counsel (Doc. 56, 61)**

The Court previously denied Yoder's requests for counsel finding that he had not demonstrated that he was indigent by submitting a copy of his prisoner trust fund account statement or any other kind of financial documentation. (Doc. 31, 44, 52). Yoder has now renewed his request for Court recruited counsel (Doc. 56, 61) and provided trust fund account statements recording that as of June 7, 2022 he had $209.11 (Doc. 53), on July 5, 2022 he had $126.64 (Doc. 56), and on July 20, 2022 he had $0.09 in available funds (Doc. 62). The motion for court to accept motion and affidavit with respect to appointment of counsel is **GRANTED.** (Doc. 56). Based on his trust fund account statements, the Court finds that Yoder has demonstrated he is indigent and unable to afford counsel for the purposes of Section 1915(e)(1).

Now that the Court has determined Yoder us unable to afford counsel, the Court applies a two part test to requests to recruit counsel: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Yoder discloses several unsuccessful efforts to obtain an attorney via written correspondence. (Doc. 2; Doc. 17, p. 2; Doc. 20, p. 2; Doc. 42, p. 25- 27, 29, 30). Accordingly, he

appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Yoder indicates that he has had some high school education but more recently was tested as being at a sixth grade education level. (Doc. 42). He states that this case involves complex medical claims that will require a lawyer to obtain expert testimony and medical evidence. Yoder also points out that after drafting his Complaint, the inmates who had assisted him have been transferred to other units, and he no longer has the assistance of others at Shawnee Correctional Center. (Doc. 2).

Despite these hinderances, the Court finds that Yoder can proceed pro se, at least for now. Even without the assistance of other inmates and a low education level, Yoder's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. His numerous filings contain supporting exhibits and case law. At this early stage in the case, Yoder is more than capable of prosecuting his claims. Once discovery has commenced, if Yoder has significant difficulty, he may refile his motion. Accordingly, the request for Court recruited counsel is **DENIED.** (Doc. 61).

**IV. Motion for Leave to File Responsive Pleading and Extension of Time (Doc. 55)**

Defendant Daniel Monti's response to the Complaint was due June 27, 2022. (Doc. 39). He failed to meet this deadline. On July 11, 2022, the current motion was filed seeking leave to file a response after the deadline and for additional time to do so. (Doc. 55). Defense Counsel states that Monti timely waived the service of summons and requested representation. However, the Office of Attorney General has been overwhelmed in assigning new cases to attorneys, and she missed the deadline.

The Court finds that the failure to file a responsive pleading was the result of excusable neglect. FED. R. CIV. P. 6(b)(1)(B). *See Bowman v. Korte,* 962 F. 3d 995, 998 (7th Cir. 2020) (discussing "excusable neglect"). Upon entering her appearance in this case, Defense Counsel

acted promptly and in good faith to request additional time to respond. Additionally, there will be no prejudice to Yoder as the case is still in its early stages. Thus, the motion is **GRANTED.** The Court deems the answer to the Complaint filed on August 1, 2022 as timely filed. (Doc. 63).

**IT IS SO ORDERED.**

**DATED:   August 2, 2022**

                                                                      *s/Stephen P. McGlynn*
                                                                        **STEPHEN P. MCGLYNN**
                                                                        **United States District Judge**