# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

**CHARLES DOUGLAS YODER,**

        **Plaintiff,**

**v.**

**ALFONSO DAVID, et al.,**

        **Defendants.**

**Case No. 21-cv-01385-SPM**

## MEMORANDUM AND ORDER

Pending before the Court are three separate motions that were filed by Plaintiff Charles Douglas Yoder ("Yoder"). The Court will address each motion individually.

### I.   Motion for Status (Doc. 114)

On September 20, 2023, Yoder filed a motion for status indicating that there has been "no action whatsoever in this case for quite some time." (Doc. 114). The motion was dated the same date it was filed.

On September 14, 2023, this Court entered an Order granting the motion for summary judgment filed by Defendant Melissa York and dismissing all claims against York (Doc. 112). On that same date, this Court entered a Scheduling Order, setting the deadlines for discovery and dispositive motions (Doc. 113). Both Orders were sent to the Robinson Law Library and purported received by Yoder[1].

### II.   Motion for Authorization to Depose (Doc. 115)

On September 28, 2023, Yoder filed a motion for authorization to depose

---

[1] In fact, Yoder refers to the Scheduling Order entered on 9/14/2023 in his Motion for Authorization to Depose, (Doc. 115).

defendants and witnesses, requesting that the Court initiate depositions. Specifically, Yoder took issue with the Court granting defendants leave to depose him along with the various instructions surrounding his deposition conduct and requests the same courtesy; however, it is not the same.

*Pro se* litigants, like other civil litigants, are entitled to all of the discovery methods described in the Federal Rules of Civil Procedure. To the extent plaintiff wishes to conduct depositions, he must comply with all procedural rules, including but not limited to proper notice under Rule 30(b)(1) and the method of recording under Rule 30(b)(3). The Court will neither schedule nor pay the costs. See *Lindell v. McCallum*, 352 F.3d 1007, 1111 (7th Cir. 2003) (a pro se plaintiff proceeding in forma pauperis has no constitutional entitlement to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund (internal citations omitted). Furthermore, the Court does not have the authority fund any and all discovery as *pro se* litigants may wish to conduct, even if the litigant has been granted leave to proceed *in forma pauperis. See McNeil v. Lowery*, 831 F.2d 1368, 1372 (7th Cir. 1987) ("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the court.").

Accordingly, Yoder's motion for leave to take depositions is DENIED at this time. However, he may re-file this motion if he can assure the Court that he can comply with all discovery rules. In other words, the Court will not grant any motions

for leave to take depositions without a showing that Yoder is willing and able to pay the associated costs.

### III. Motion for the Court to Compel Return of Video (Doc. 116)

On September 28, 2023, Yoder also filed a motion for the court to compel return of video (Doc. 116). Specifically, Yoder expresses his belief that Defendants will object to his discovery request and attempts to reassure them that the videos should be submitted to the Court for *in camera* review; however, this motion is premature.

The Scheduling Order entered by this Court on September 14, 2023 specifies that motions to compel shall be filed pursuant to Rule 37 of the Federal Rules of Civil Procedure, which states in pertinent part,

> **"(1) *In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In this case, Yoder did not file any certification that he attempted to resolve this matter in good faith prior to court action. Furthermore, there is no indication as to when the requests were sent and a party has 30 days from service to respond. FED. R. CIV. P. (b)(2)(A). This Court cannot even ascertain if the defendants had an opportunity to comply.

### CONCLUSION

In summary, the Court **GRANTS** the motion for status (Doc. 114) and **DENIES** the motions for authorization to depose and for the court to compel return of video (Docs. 115, 116).

**IT IS SO ORDERED.**

**DATED: October 16, 2023**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**