# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DOUGLAS YODER,** | |
| **Plaintiff,** | Case No. 21-cv-01385-SPM |
| v. | |
| **ALFONSO DAVID, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Pending before the Court are five separate motions that were filed by Plaintiff Charles Douglas Yoder ("Yoder"). The Court will address each motion individually.

### I.  Motion for Court to Revisit Counsel (Doc. 120)

On October 20, 2023, Yoder filed a motion for court to re-visit counsel (Doc. 120). Specifically, Yoder claimed that he has "met all of the criteria established by our Court of Appeals." (*Id*). While this Court did accept plaintiff's motion to proceed *in forma pauperis* with respect to seeking counsel (Doc. 64), his statement is inaccurate.

A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action but the Court may appoint counsel at its discretion. 28 U.S.C. 1915(e)(1). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

The Court notes that Plaintiff has made reasonable attempts to recruit counsel on his own. That said, the Court is not inclined to appoint counsel for Yoder at this time. Yoder's pleadings to date demonstrate an ability to articulate clearly and effectively, and they also reflect an understanding of the law. The Court recognizes that Yoder's claims pertain a medical issue, which may require examining conflicting testimony, but Yoder has consistently been a zealous advocate of his claims. Given his ability to litigate thus far, the motion to appoint counsel (Doc. 50) is **DENIED** at this time, though Yoder may move for recruited counsel again in the future, if necessary.

## II.     Motion for Reconsideration (Doc. 124)

On November 16, 2023, Yoder filed a Request for Reconsideration regarding a previous entry (d/e 122) of this Court regarding the purported filing of discovery documents (Doc. 124). Yoder attempted to file the discovery documents, which is in direct contradiction to this Court's Rule 26.1(b), which states that interrogatories (including answers and objections) under Rule 33 of the Federal Rules of Civil Procedure, requests for production or inspection (including objections and responses) under Rule 34 of the Federal Rules of Civil Procedure, requests for admission (including objections and responses) under Rule 36 of the Federal Rules of Civil Procedure, and deposition notices under Rules 30 and 31 of the Federal Rules of Civil Procedure shall be served upon other counsel or parties but "*shall not be filed with the Clerk of Court.*" (SDIL-LR 26.1(b)) (emphasis added).

Yoder claimed in his motion that he has the right to object to defendants' actions and pleadings. By its Notice, this Court did not take away Yoder's rights. Instead, the Court followed the Local Rules. Yoder can object to any discovery issues; however, same shall NOT be filed with the Court.

As such, this Court **DENIES** the motion as Yoder has not demonstrated that the Court has made an error of law or fact warranting reconsideration. See Fed. R. Civ. P. 54(b); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

### III. Motion for Leave to Minimally Expand Request for Production of Documents (Doc. 125)

On November 16, 2023, Yoder filed a motion for leave to minimally expand request for production of documents (Doc. 125). In support of his motion, Yoder contended that if there is an excess number of requests, "it is so small to be unsubstantial" (*Id.*). Yoder also purports to blame defendants for the excessive number of his requests and states, "It's their fault". (*Id.*).

On September 14, 2023, this Court entered a Scheduling Order and clearly set a limit of 15 interrogatories and request for production (Doc. 113). The issue is not about good faith or blame; it is that the number of requests by plaintiff exceeded the allowable amount and Yoder did not first seek leave of the Court to do so. Nevertheless, this Court will allow the interrogatories and requests as submitted to date and **GRANTS** the motion to that extent; however, this motion is **DENIED** to the extent that Yoder seeks additional discovery that has not yet been requested.

### IV. Renewal Motion to Appoint Counsel (Doc. 130)

On December 12, 2023, Yoder filed his renewal motion for counsel (Doc. 130). The Court is constrained to note that at the time this motion was filed, another motion regarding counsel remained pending (*See* Doc. 120). The Court also notes that this renewal motion has specific complaints about the law library at Robinson Correctional Center as well accusations against defense counsel but does not necessarily address the *Pruitt* factors.

As set forth *infra*, Yoder has zealously prosecuted this claim. Accordingly, this motion is **DENIED** at this time, though Yoder may move for recruited counsel again in the future, if necessary.

### V. Motion for Order to Defendants to Grant Immediate Access of Medical Files (Doc. 131)

On December 6, 2023, Yoder also filed a motion for order to defendants to grant immediate access of medical files (Doc. 131). In lieu of ruling on this motion, the Court Orders defendants to respond to same on or before January 19, 2024.

### CONCLUSION

In summary, the Court **DENIES** the motions regarding counsel (Docs. 120 and 130), **DENIES** the motion for reconsideration (Doc. 124), and **DENIES** in part and **GRANTS** in part the motion for leave to minimally expand request for production (Doc. 125). Yoder cannot file any additional requests, he can only seek responses to those requests tendered to date. Finally, the Court defers ruling on the motion regarding Yoder's medical file and Orders the defendants to respond to same on or before January 19, 2024.

**IT IS SO ORDERED.**

**DATED: January 11, 2024**

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**

5