IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DOUGLAS YODER, #A97771, <br><br> Plaintiff, <br><br> v. <br><br> ALFONSO DAVID, et al., <br><br> Defendants. | Case No. 21-CV-01385-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On January 23, 2023, Defendant Daniel Monti moved to withdraw his affirmative defense of exhaustion of administrative remedies as it pertains to the claims set forth in Plaintiff's Complaint. (Doc. 101). Defendant's motion was granted on January 27, 2023, and Defendant's affirmative defense of failure to exhaust administrative remedies was withdrawn. (Doc. 106). On July 19, 2024, Defendant submitted this Motion for Leave to Reinstate the Affirmative Defense of Failure to Exhaust Administrative Remedies, alleging that discovery has revealed information pertinent to that defense. (Doc. 152).

Defendant seeks to reassert the failure to exhaust defense in a memorandum of law in support of a motion for summary judgment. However, parties cannot amend their pleadings through arguments raised in motions for summary judgment or briefs opposing summary judgment. See *Anderson v. Donahoe*, 669 F.3d 989, 997 (7th Cir. 2012). An affirmative defense must be raised in the answer, not by motion. *See*

*Vasquez v. Indiana Univ. Health, Inc.*, 40 F.4th 582, 588 (7th Cir. 2022).

Accordingly, Defendant may only reassert his affirmative defense by filing an amended answer. This would require an amendment to the scheduling order under Federal Rule of Civil Procedure 16(b)(4) in order to allow additional time to argue the affirmative defense. Rule 16(b)(4) provides that the schedule set by the court "may be modified only for good cause and with the judge's consent." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citing *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id*.

Defendant does not sufficiently explain how he acted with diligence in conducting adequate discovery but failed to develop the facts critical for his defense. Moreover, he does not explain what specific facts were revealed in discovery and how they serve to revive the affirmative defense.

Defendant instead argues that the Court should grant its motion under Federal Rule of Civil Procedure 15(a)(2), which entrusts the determination of whether to grant leave to amend a pleading to the judgment of the court. However, district courts are to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied. *See Alioto*, 651 F.3d at 719. As the good cause requirement of Rule 16(b)(4) is not satisfied, the Court needs not conduct a Rule 15(a)(2) analysis. Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

**DATED: November 1, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**

Case 3:21-cv-01385-SPM   Document 166   Filed 11/01/24   Page 3 of 3   Page ID #1113